UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GHANNAM D GH L ALMUTAIRI, A-246-058-611,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

No. 1:26-cv-04575-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Ghannam D GH L Almutairi is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition, respondents' opposition requesting dismissal, and petitioner's reply are before the court. (ECF Nos. 1, 6, 7.) This matter was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the petition be granted and respondents be ordered to provide petitioner a bond hearing.

**I. Background**

Petitioner is a national of Kuwait. (ECF No. 6-1 at 1.) Petitioner arrived at the Los Angeles International Airport on December 20, 2025, and was found inadmissible to enter the United States. (Id. at 2; ECF No. 6-2.) He has been detained continuously since then.

Petitioner expressed a fear of returning to his native country and was referred to an immigration judge (IJ) for a credible fear hearing. (ECF No. 6-1 at 2) On March 17, 2026, an immigration judge (IJ) ordered petitioner removed to Kuwait. (ECF No. 6-3.) Petitioner reserved appeal. (Id. at 4.) On April 7, 2026, the Board of Immigration appeals acknowledged receipt of petitioner's timely appeal. (ECF No. 6-4.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006) ("[In] cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges [their] confinement on statutory and constitutional grounds.").

## III. Discussion

Petitioner asserts violations of his substantive and procedural rights under the Fifth Amendment's Due Process Clause. (ECF No. 1 at 12-13.) He seeks release unless he is provided with a bond hearing before an immigration judge where, to justify continued detention, the government must establish by clear and convincing evidence he presents a risk of flight or danger to the community. (Id. at 15.) Respondents contend petitioner is lawfully detained and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 6 at 2.) Respondents argue petitioner has no procedural or substantive right to be free from immigration detention, or to a bond hearing, and that his detention is not indefinite or prolonged. (Id. at 2-6.)

Petitioner's detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). The government has significant interests in detaining noncitizens pending removal. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022). Petitioner does not establish a substantive due process violation or

present any authorities showing he is entitled to an order of release. However, the undersigned concludes due process requires that petitioner receive a hearing.

Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and has no statutory right to a hearing as to his detention. However, the Supreme Court has left open the question whether due process requires that persons in prolonged mandatory immigration detention receive individualized bond hearings. See Rodriguez v. Marin, 909 F.3d 252, 255 (9th Cir. 2018) (citing Jennings v. Rodriguez, 583 U.S. 281 (2018)). The Ninth Circuit has expressed reservations as to whether a noncitizen may be detained for an unreasonably prolonged period, even where they are detained pursuant to a statute requiring their mandatory detention. Rodriguez v. Marin, 909 F.3d at 256 ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

"While neither the Ninth Circuit nor the Supreme Court have endorsed a bright-line rule for when a noncitizen's detention becomes constitutionally impermissible, nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." Nasar v. Warden of California City Det. Ctr., No. 2:26-CV-00433-DC-AC (HC), 2026 WL 731160, at *3 (E.D. Cal. Mar. 13, 2026) (internal quotation marks, brackets, and citation omitted).

Here, petitioner's immigration detention has surpassed six months, and it is unknown how long the remainder of his removal proceedings will take. Petitioner states a cognizable procedural due process claim.

Courts examine procedural due process claims in two steps. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first step is determining whether there exists a protected liberty interest under the Due Process Clause, and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Id.

Petitioner has a protected liberty interest at stake. The Due Process Clause protects persons in the removal process from "arbitrary prolonged detention." Rodriguez v. Marin, 909

F.3d at 256. Noncitizens have a well-established liberty interest in their freedom from detention. Zadvydas, 533 U.S. at 693.

To determine whether petitioner received process due with respect to that protected liberty interest, the court will use the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner has a "substantial" private interest in freedom from prolonged detention. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (noting general circuit precedent "that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). Petitioner has been detained for almost seven months and has never been granted a hearing where he could argue for his release pending removal based on individualized consideration of the relevant risks.

As for procedures in place, there do not appear to be any that could mitigate against the risk of arbitrary prolonged detention. See Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) ("[t]he BIA does not have jurisdiction to determine the constitutionality of the statutes it administers") (citing Padilla–Padilla v. Gonzales, 463 F.3d 972, 977 (9th Cir. 2006)). Nor does it appear petitioner would ever be afforded a bond hearing at any point in the future during pendency of his removal proceedings given that respondents maintain he is subject to mandatory detention and not entitled to such a hearing. Thus, petitioner's only available process for his prolonged detention due process claim is through a habeas petition. A bond hearing before an IJ would mitigate the risk of erroneous deprivation because it would require the government to establish petitioner presents a flight risk or danger to the community if released.

The government has an interest in protecting the public from noncitizens who have been determined to be dangerous and in ensuring successful execution of removal orders through detention of removable noncitizens. Rodriguez Diaz, 53 F.4th at 1208 (citing Demore v. Kim, 538 U.S. 510, 515, 528). However, respondents' interest in petitioner's continued detention without a bond hearing is low. The only permissible reason for petitioner's continued detention is any risk

of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). Respondents do not assert that providing petitioner with a bond hearing would be particularly burdensome. Respondents do not assert that petitioner's continued detention is necessary for any particular reason.

Being required to provide petitioner a bond hearing will not undercut the government's interests. Limiting detention to noncitizens who are shown to be either dangerous or a flight risk may serve the public's interest, and the government's interest, by limiting the fiscal and administrative burdens attendant to immigration detention. See Hernandez, 872 F.3d at 996 (noting the "staggering" costs to the public of immigration detention as compared to supervised release programs). Thus, the government's interest is minimal in detaining petitioner further without a hearing to determine whether the detention is justified.

The Mathews factors favor petitioner. The undersigned will recommend the petition be granted and petitioner receive a bond hearing before an immigration judge at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention. See Black v. Decker, 103 F.4th 133, 157 (2nd Cir. 2024) (noting that where an individual's liberty is at stake due to continued detention, the Supreme Court has consistently used a clear and convincing evidentiary standard).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Respondents' motion to dismiss (ECF No. 6) be DENIED.
2. The petition for writ of habeas under 28 U.S.C. § 2241 be GRANTED and respondents be ordered to provide petitioner a bond hearing before an Immigration Judge, within seven (7) days of adoption of these findings and recommendations, at which the government bears the burden of showing by clear and convincing evidence that petitioner is either a flight risk or danger to the community to justify his continued

detention.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days (7) after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 16, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 almu4575.mer