UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GHANNAM D GH L ALMUTAIRI,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al,

Respondents.

No. 1:26-cv-04575-TLN-CKD

A# 246-058-611

**ORDER**

Petitioner is an immigration detainee proceeding with counsel. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 16, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 8.) Respondents filed objections to the findings and recommendations which the Court has considered herein. (ECF No. 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. The Court has reviewed the file and finds the

findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 16, 2026 (ECF No. 8) are ADOPTED in full.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner Ghannam D GH L Almutairi (A # 246-058-611) for more than **seven (7) days** from the date of this Order without a bond hearing before a neutral factfinder at which the government bears the burden to justify Petitioner's detention through a showing that Petitioner poses a danger to the community or a flight risk by clear and convincing evidence. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or a flight risk, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4. Within **five (5) days** from the date of the bond hearing, Respondents are ORDERED to file a status report confirming that the hearing occurred, the date of the hearing, and the outcome of the hearing.

5. If Petitioner is released, Respondents are further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. At any such hearing, Petitioner shall be allowed to have counsel present.

6. Respondents' motion to dismiss (ECF No. 6) is DENIED.

7. The Clerk of Court shall enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATE: July 30, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE